# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**

    **Plaintiff,**

    v.                                               Case No. 13-CV-904

**GARY HAMBLIN, JAMES R. SCHWOCHERT,
MARC W. CLEMENTS, RICHARD W. PHILLIPS,
KAREN LARSEN, and RICK A. RASMUSSEN,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding in forma pauperis on a procedural due process claim based on allegations that defendants failed to provide him with notice of a disciplinary hearing that resulted in a 120-day segregation disposition. Plaintiff has filed a motion to exercise supplemental jurisdiction over state law claims and defendants have filed a motion to dismiss for failure to state a claim. These applications will be addressed herein.

<u>Motion to Dismiss Standard of Review</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

For the purposes of a motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Erickson, 551 U.S. at 94. However, the plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (internal citations omitted). Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level." Id.

Complaint Allegations

According to the complaint, on December 7, 2010, plaintiff received a conduct report alleging institution rules violations but he did not receive notice of the subsequent disciplinary hearing.[1] He was found guilty on the conduct report and received a disposition of 120 days segregation.

Plaintiff alleges that although he was initially notified that the hearing for the conduct report was scheduled for December 14, 2010, defendants Larsen and Rasmussen decided to hold the disciplinary hearing on December 13, 2010, without notifying plaintiff. On December 15, 2010, plaintiff appealed the disciplinary conviction for the conduct report to defendant Schwochert based on failure to receive notification of the rescheduled hearing date. Plaintiff also sent defendants Schwochert, Phillips, Hamblin, and Rasmussen

---

[1] The complaint also sets forth allegations regarding failure to provide notice of a disciplinary hearing regarding a December 30, 2010, conduct report. Plaintiff was not permitted to proceed on these allegations because his segregation disposition was only 60 days and, therefore, did not implicate a due process liberty interest. See Marion v. Columbia Corr. Inst., 559 F.3d 693, 697–98 & nn.2–3 (7th Cir. 2009); see also Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005).

2

informal complaints advising that he was not notified of the rescheduled hearing but they refused to do anything about it. On January 31, 2011, defendant Clements affirmed the disciplinary conviction for the conduct report. Plaintiff also alleges that defendant Hamblin has a "custom, policy, and practice of allowing its staff members to withhold notification of disciplinary hearing time, dates, and places from prisoners that are being subjected to disciplinary proceedings." (Compl. at 5.)

Discussion

Defendants contend that plaintiff's procedural due process claim should be dismissed because their alleged actions were random and unauthorized, and because adequate state law remedies exist to review plaintiff's discipline. Plaintiff contends that defendants' actions were authorized because there is a custom of ignoring notice requirements, and because the administrative code has been changed over the years to only require notice of the violations and right to a hearing. Additionally, he contends that certiorari is not an adequate remedy.

In analyzing a due process claim it must first be determined whether the defendants deprived plaintiff of a protected liberty or property interest. Once it has been determined that a protected liberty interest or property interest is at stake, it must be determined what process was due. Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996). However, an action for a denial of procedural due process will not lie if the state actors' conduct was random and unauthorized and if an adequate state remedy exists. Zinermon v. Burch, 494 U.S. 113, 128-32 (1990); Hamlin, 95 F.3d at 583.

Conduct is random and unauthorized if it is unpredictable. Id. Predictability is measured by the amount of discretion state procedures allow a state actor. Id. For

example, if state procedures allowed absolute discretion by state actors who hold disciplinary hearings, then it is predictable that those state actors may abuse their discretion, and a pre-deprivation process would be necessary. Id. When a deprivation is the result of a state actors' random and unauthorized conduct, the state cannot predict that such conduct will occur. As a result, it is futile or impossible for the state to guard against the deprivation by mandating additional pre-deprivation procedures. In this circumstance, "the State cannot be required constitutionally to do the impossible by providing pre-deprivation process." Zinermon, 494 U.S. at 129.

An adequate post-deprivation remedy cures the problem because the violation does not occur until the post-deprivation remedy is denied. In the context of procedural due process, "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Id. at 126. "A suit based on a wrongful act that ignores the existence of a post-deprivation remedy is, in effect, one that considers only partial or unfinished state action." Morris v. McKeever, 655 F. Supp. 388, 391 (W.D. Va. 1987). A state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Wisconsin has adequate post-deprivation proceedings for inmates wishing to challenge their disciplinary hearings. Hamlin, 95 F.3d at 585. For example, "Wisconsin prisoners may file a complaint with the state Corrections Complaint Examiner." Wis. Admin. Code. §§ DOC 310.04(3), 310.09. In addition, the state law writ of certiorari is available to challenge actions of the disciplinary committee that violate state law. Duenas v. Nagle, 765 F. Supp. 1393, 1400 (W.D. Wis. 1991). Furthermore, prisoners may be able to bring state

law tort claims against prison officials. Scott v. McCaughtry, 810 F. Supp. 1015, 1020 (E.D. Wis. 1992)." Hamlin, 95 F.3d at 585.

As indicated, plaintiff was permitted to proceed on a due process claim because his 120-day segregation disposition implicates a liberty interest. Although he alleges that defendants acted against DOC regulations when they failed to provide him with notice of the disciplinary hearing, he also alleges that they did so pursuant to an unofficial policy, custom, or procedure. In other words, plaintiff alleges that there was a policy to not follow the regulations. I cannot conclude at this stage that such actions were random and unauthorized. See Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378–80 (7th Cir. 1988). Thus, defendants' motion to dismiss will be denied.

Plaintiff's Motion to Exercise Supplemental Jurisdiction Over State Law Claims

Plaintiff has filed a motion to exercise supplemental jurisdiction over his state law claims. However, he did not identify any state law claims in the complaint or in the instant motion, and I cannot identify one that arises out of the facts alleged in the complaint. The case law cited by plaintiff supports his claim that defendants' alleged failure to provide notice of the disciplinary hearing, in violation of the Wisconsin Administrative Code, violated plaintiff's Fourteenth Amendment due process rights. See Anderson-El, II v. Cooke, 234 Wis. 2d 626, 630 (2000). Since it is unclear what state law claims plaintiff seeks to pursue, I will deny his motion without prejudice. Plaintiff may submit a renewed motion, with clarification as to any specific state law claims upon which he seeks to proceed, within 14 days of the date of this order.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for the court to exercise supplemental jurisdiction over state law claims (Docket #12) is **DENIED WITHOUT**

**PREJUDICE**. Plaintiff has **14 days** from the date of this order to file a renewed motion identifying the state law claims upon which he seeks to proceed.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket #13) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2014.

                                            s/ Lynn Adelman
                                            _____
                                            LYNN ADELMAN
                                            District Judge