# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,

      Plaintiff,

      v.                                       Case No. 13-CV-904

GARY HAMBLIN, JAMES R. SCHWOCHERT,
MARC W. CLEMENTS, RICHARD W. PHILLIPS,
KAREN LARSEN, and RICK A. RASMUSSEN,

      Defendants.

## DECISION AND ORDER

Plaintiff, a Wisconsin state prisoner, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding in forma pauperis on a procedural due process claim based on allegations that defendants failed to provide him with notice of a disciplinary hearing that resulted in a 120-day segregation disposition. Defendants have filed a motion for summary judgment on claim preclusion and exhaustion grounds. For the reasons explained herein, I will deny defendants' motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248.

A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

**FACTS**

**A. Complaint Allegations**

According to the complaint, on December 7, 2010, plaintiff received Conduct Report 1879205 alleging institution rules violations but he did not receive notice of the subsequent disciplinary hearing. He was found guilty on the conduct report and received a disposition of 120 days segregation.

Plaintiff alleges that although he was initially notified that the hearing for the conduct report was scheduled for December 14, 2010, defendants Larsen and Rasmussen decided to hold the disciplinary hearing on December 13, 2010, without notifying plaintiff. On December 15, 2010, plaintiff appealed the disciplinary conviction for the conduct report to

2

defendant Schwochert based on failure to receive notification of the rescheduled hearing date. Plaintiff also sent defendants Schwochert, Phillips, Hamblin, and Rasmussen informal complaints advising that he was not notified of the rescheduled hearing but they refused to do anything about it. On January 31, 2011, defendant Clements affirmed the disciplinary conviction for the conduct report. Plaintiff also alleges that defendant Hamblin has a "custom, policy, and practice of allowing its staff members to withhold notification of disciplinary hearing time, dates, and places from prisoners that are being subjected to disciplinary proceedings." (Compl. at 5.)

According to plaintiff, the issues in this case are separate from a previous case he filed in this district, Walker v. Hamblin, Case Number 11-cv-995-LA (E.D. Wis.), except that the parties are the same.

### B. Walker v. Hamblin, Case No. 11-cv-995-LA (E.D. Wis.)

Plaintiff filed Case Number 11-cv-995 on October 24, 2011. In that case, he alleged that the defendants retaliated against him for complaining about their arbitrary and capricious acts in issuing him an unjustified conduct report for filing his complaints. Specifically, plaintiff alleged that on December 30, 2010, defendant Phillips issued him a retaliatory and unjustified conduct report (Conduct Report 2029968) based, in part, on plaintiff's use of legal loan paper to submit complaints to Phillips and Schwochert. Plaintff's complaint in Case Number 11-cv-995 did not mention Conduct Report 1879205. However, one of the issues that plaintiff complained about which led to his alleged retaliatory Conduct Report 2029968 was "violations that occurred during the disciplinary process[.]" (Case No. 13-cv-995, ECF No. 1 at 5 ¶ 21.) Conduct Report 2029968 was the subject of the retaliation claim in 11-cv-995.

3

**C. Exhaustion**

The Wisconsin Department of Corrections (DOC) maintains an Inmate Complaint Review System (ICRS) in Wisconsin adult correctional facilities. The purpose of the ICRS is to afford inmates in adult institutions a process by which grievances may be expeditiously raised, investigated and decided. See Chapter 310, Wis. Admin. Code. Consistent with § DOC 310.05, Wis. Admin. Code, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before they may commence a civil action or special proceeding against an officer, employee, or agent of the DOC in that person's official or individual capacity.

According to defendants, plaintiff did not file any offender complaints with the ICRS related to Conduct Report 1879205. Plaintiff, on the other hand, asserts that Offender Complaint GBCI-2012-16807, which he filed on August 14, 2012, relates to his claim in this case.

In that GBCI-2012-16807, plaintiff stated:

> The department has a custom and policy of not notifying prisoners of their upcoming major disciplinary hearings under Wis. Adm. Code § DOC 303.81(9). Although the DOC removed the language of 303.81(9) from the rule book, they never legally altered, repealed or changed the rule where the third note for DOC 303.01 states as plain as day that: "Sections DOC 303.01 to 303.74, 303.78 and 303.82 to 303.87 as they existed on December 31, 2000 were repealed and new sections DOC 303.01 to 303.74, 303.78 and 303.82 to 303.87 2343 created, register, December, 2000, No. 540, effective January 1, 2001." There is nothing in this that states DOC 303.81 was repealed or altered in any way and the DOC is violating DOC 303.81(9) by not notifying prisoners of the time, date, or location of their hearings - which is a fundamental right - and the disciplinary proceedings regarding all of the conduct reports against me that were major violations are invalid. See Anderson-El v. Cooke, 2000 WI 40. This is a continuing violation and my complaint is valid. "When a tort involves 'continuing' wrongful conduct, the statute of limitations doesn't begin to run until the conduct ends." Flowers v. Carville, 310 F.3d 1118, 1126 (9th Cir. 2002) (citations omitted). The

4

wrongful conduct is still going on now. Note: Of course I'm simply exhausting my remedies. I'll see all of you in court!!

(ECF No. 33-3 at 1.) The ICE Report summarized plaintiff's offender complaint as follows:

Mr. Walker believes that DOC never legally altered, repealed or changed DOC 303.81(9); therefore, DOC must follow it. Mr. Walker fails to indicate if he has been negatively affected and if he had when.

The Administrative register # 535 was published and circulated July 2000, it included Administrative Code 303.81. Prior to that public hearings were held. Subsection 9 was removed effective August 1, 2000.

The ICE recommends dismiss.

(ECF No. 33-3 at 3.)

Plaintiff filed an appeal to the CCE which states:

I'm not satisfied with the brush off my complaint received below. DOC 303.81(9) has not been legally repealed, altered, or changed. The third note for DOC 303.01 states as plain as nose on face the following:

Sections DOC 303.01 to 303.74, 303.78 and 303.82 to 303.87 as they existed on December 31, 2000 were repealed and new sections DOC 303.01 to 303.74, 303.78 and 303.82 to 303.87 were created, register December, 2000, No. 540, effective January 1, 2001.

There is nothing in this note that states DOC 303.81 was repealed, altered, or changed in any way and the DOC is violating 303.81(9) by intentionally not notifying prisoners of the time, date, or location of their disciplinary hearings. Notice is fundamental right and the disciplinary proceedings are invalid. See Anderson-El v. Cooke, 2000 WI 40. All conduct reports that I never received notice of the hearing date for are invalid and must be reversed.

(ECF No. 33-3 at 5.) The dismissal was upheld on appeal and the CCE Report states in

relevant part:

In this case, the inmate has alleged that the institution has not followed the rules. The inmate provided information in support of the allegation. This Examiner has reviewed the documents and information provided by the inmate, including the original complaint, the appeal, and supporting

5

information. The institution responded to the inmate's assertions with an ICE investigation. This Examiner has reviewed that information as well.

Based on the above described review process, on appeal, this Examiner finds in favor of the institution. The institution followed proper policy and procedure, and didn't violate Wis. Admin. Code or the Constitution. This Examiner finds that the evidence in this case does not support the inmate's assertions.

The institution's decision reasonably and appropriately addressed the issue raised by this inmate. On appeal, the inmate presented insufficient evidence to warrant a recommendation overturning that decision.

The ICE recommended dismissal, and the Reviewing Authority dismissed the case. This Examiner agrees.

Recommend dismissal.

(ECF No. 33-3 at 8.)

### D. Letter to DOC Secretary

On January 5, 2011, plaintiff sent a letter to the Secretary of the DOC regarding his issue related to Conduct Report 1879205, i.e., failure to receive notice of the disciplinary hearing date. Plaintiff's letter states in relevant part, "A supplemental appeal for C.R.# 1879205, which was submitted within 10 days after I received the decision, stating that the conduct report is defective. They never gave me notice of the actual hearing because they moved it, and held the hearing, a day before it was scheduled to be held[.]" (Pl. Aff. ¶¶ 8-10, Exh. K at 2.)

## ANALYSIS

Defendants contend that this lawsuit is barred by claim preclusion and that plaintiff should receive a "strike", see 28 U.S.C. § 1915(g), for filing this lawsuit. They further contend that this case should be dismissed for failure to exhaust administrative remedies.

6

Plaintiff contends that this action is not barred by claim preclusion, he should not receive a strike, and the case is not subject to dismissal on exhaustion grounds.

**A. Claim Preclusion**

The defendants contend that this lawsuit is barred by claim preclusion because it involves the same defendants and series of facts litigated in plaintiff's previous case, Case Number 11-cv-995-LA (E.D. Wis.). The doctrine of claim preclusion "applies to bar a second suit in federal court when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." Bernstein v. Bankert, 733 F.3d 190, 226 (7th Cir. 2013) (quoting Kratville v. Runyon, 90 F.3d 195, 197 (7th Cir. 1996)). With respect to the first element, "[a] claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." Id. (quoting Kratville, 90 F.3d at 198). With respect to the second element, "[w]hether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not solutions." Id. (quoting Tice v. Am. Airlines, Inc., 162 F.3d 966, 971 (7th Cir.1998)). With respect to the third element, for the purpose of claim preclusion, the traditional rule is that "a judgment on the merits is one which 'is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form.'" Id. (quoting Harper Plastics, Inc. v. Amoco Chems. Corp., 657 F.2d 939, 944 (7th Cir. 1981)).

The parties agree that the second two elements of claim preclusion are satisfied but they disagree as to the first element. Defendants contend that this case has the same operative facts as Case Number 11-cv-995. According to defendants, in this case plaintiff

challenges the process he received for Conduct Report 1879205 and in Case Number 11-cv-995, he alleged that defendants retaliated against him for writing letters or "informal complaints" about procedural errors in Conduct Report 1879205. Defendants also point to plaintiff's complaint in this case where he acknowledged by checking a box on the form complaint that he had previously filed a case (11-cv-995) involving the same facts.

Plaintiff, on the other hand, contends that the claims in this case and Case Number 11-cv-995 are distinct. According to plaintiff, this case has different operative facts than 11-cv-995 because "the citation of facts surrounding C.R. # 1879205 simply laid the ground work to show the court how plaintiff was being treated. The operative facts in case no. 11-cv-995 began with plaintiff receiving C.R. #2029968 which was the subject of plaintiff's retaliation claim, the only claim in case no. 11-cv-995." (ECF No. 34 at 4.) Plaintiff asserts that he mistakenly checked the "yes" box on the complaint indicating that he previously filed another case with the same facts.

The test for an "identity of the causes of action" is "whether the claims arise out of the same set of operative facts or the same transaction." Bernstein, 733 F.3d at 226 (quoting Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi., 649 F.3d 539, 547 (7th Cir. 2011).

> Even if the two claims are based on different legal theories, the 'two claims are one for purposes of [claim preclusion] if they are based on the same, or nearly the same, factual allegations.'" Id. (quoting Herrmann v. Cencom Cable Assocs., 999 F.2d 223, 226 (7th Cir. 1993)). The test is an outgrowth of the rule that a party must allege in one proceeding all claims and/or counterclaims for relief arising out of a single occurrence, or be precluded from pursuing those claims in the future. Id., 840 F.2d at 1365; Fed. R. Civ. P. 13(a). But despite the frequency with which preclusion defenses are raised, "there is no formalistic test for determining whether suits arise out of the same transaction or occurrence." Ross ex rel. Ross v. Bd. of Educ. of Tp. High School Dist. 211, 486 F.3d 279, 284 (7th Cir. 2007). "Instead, we

8

have held that courts 'should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" Id. (quoting Burlington N.R. Co. v. Strong, 907 F.2d 707, 711 (7th Cir. 1990)).

Bernstein, 733 F.3d at 226-27.

Here, the fact pattern and due process claim in this case are distinct from the fact pattern and retaliation claim in Case Number 11-cv-995. Plaintiff did not specifically mention Conduct Report 1879205 in his complaint in Case Number 11-cv-995 (although defendants' summary judgment motion in that case did). The focus of plaintiff's claim in Case Number 11-cv-995 was retaliatory conduct based on multiple complaints and letters plaintiff had submitted over time which included but was not limited to a complaint related to the disciplinary hearing for Conduct Report 1879205. Moreover, upon screening the complaint in Case Number 11-cv-995, see 28 U.S.C. § 1915A, I did not identify a claim based on alleged due process violations related to Conduct Report 1879205. The focus of Case Number 11-cv-995 was the alleged retaliatory Conduct Report 2029968. The two claims are not based on the same, or nearly the same, factual allegations. Thus, I conclude that plaintiff has not forfeited his right to litigate his claim in this case; claim preclusion does not bar this lawsuit. See Gray v. Lacke, 885 F.2d 399, 406-07 (7th Cir. 1989).

**B.   Exhaustion of Administrative Remedies**

Defendants contend that plaintiff failed to exhaust administrative remedies because he did not file any offender complaints regarding procedural errors for Conduct Report 1879205. The Prison Litigation Reform Act provides in pertinent part that, [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

9

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)).

As an initial matter, plaintiff's contention that his January 5, 2011, letter to the Secretary of the DOC exhausted his administrative remedies is misplaced because the ICRS within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the DOC has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions,

staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than 14 days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

Plaintiff filed GBCI-2012-16807 on August 14, 2012, in which he complained that the DOC had a custom or policy of not notifying prisoners of their major disciplinary hearings, that DOC 303.81(9) was not repealed, and that "the disciplinary proceedings regarding all of the conduct reports against me that were major violations are invalid." This conduct report arguably notified prison officials that the disciplinary hearing for Conduct Report 1879205 was procedurally defective because plaintiff did not have notice of the

11

hearing. Although the ICE Report states that GBCI-2012-16807 did not indicate whether plaintiff had been negatively affected by the policy, a closer reading of the offender complaint reveals that he did. In both his offender complaint and appeal to the CCE, plaintiff stated that all previous conduct reports for which he did not receive notice of the disciplinary hearings were invalid. Moreover, defendants' contention that GBCI-2012-16807 was untimely as to Conduct Report 1879205 is misplaced because the offender complaint was addressed on the merits and was not dismissed as untimely. When the state accepts an untimely filed inmate complaint and resolves it on the merits, the plaintiff had exhausted his administrative remedies. See Riccardo v. Rausch, 359 F.3d 510, 513 (7th Cir. 2004). Accordingly, I cannot conclude that plaintiff failed to exhaust his administrative remedies.

## ORDER

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment (Docket # 23) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2015.

                                                 s/ Lynn Adelman
                                                 _____
                                                 LYNN ADELMAN
                                                 District Judge