# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**

    **Plaintiff,**

    v.                                          Case No. 13-CV-904

**GARY HAMBLIN, JAMES SCHWOCHERT,
MARC CLEMENTS, RICHARD W. PHILLIPS,
KAREN LARSEN, and RICK A. RASMUSSEN,**

    **Defendants.**

## DECISION AND ORDER

The pro se plaintiff, Tony D. Walker, filed this lawsuit under 42 U.S.C. § 1983. He is proceeding in forma pauperis on a procedural due process claim based on allegations that defendants failed to provide him with notice of a disciplinary hearing that resulted in a 120-day segregation disposition. The parties have filed cross-motions for summary judgment. For the reasons explained in this order, I will deny plaintiff's motion and grant defendants' motion.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248.

A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTS[1]

### A. Defendants' Proposed Findings of Fact

On December 7, 2010, while at Dodge Correctional Institution, plaintiff was served with a copy of Conduct Report 1879205. (Dkt. 60 ¶ 1.) Sergeant Grahn wrote the conduct report on December 5, 2010, accusing plaintiff of violating Wis. Admin. Code §§ DOC 303.27, lying; 303.34, theft; 303.40, unauthorized transfer of property; and 303.47,

---

[1] This section is taken from Defendants' Proposed Findings of Fact and from Plaintiff's Proposed Findings of Fact. Defendants' facts are undisputed because plaintiff did not respond to them. See Fed. R. Civ. P. 56(e); Civil L.R. 56(b)(4) (E.D. Wis.). Defendants object to most of plaintiff's proposed facts as irrelevant. Despite the relevancy objections, I have included plaintiff's facts because they are useful to resolving this case. I have not, however, included plaintiff's facts that are not properly supported. See Fed. R. Civ. P. 56(c)(1); Civil L.R. 56(b)(1)(C)(i) (E.D. Wis.).

2

possession of contraband miscellaneous. (Id.) The conduct report alleged that plaintiff took items from the library without permission, and lied about it when confronted by staff. (Id.)

Also on December 7, 2010, plaintiff was served with a copy of a Notice of Major Disciplinary Hearing Rights and Waiver of Major Hearing and Waiver of Time, which explained his rights with regard to a disciplinary hearing. (Id. ¶ 2.) Among other things, this form notified plaintiff that he would receive a hearing on the conduct report sometime between two and twenty-one days from the date he received the conduct report. (Id. ¶ 3.) Plaintiff signed the Notice of Major Disciplinary Hearing Rights and Waiver of Major Hearing and Waiver of Time, acknowledging that he understood his rights. (Id. ¶ 4.)

On December 13, 2010, at 12:45 p.m., a disciplinary hearing was held at Dodge Correctional Institution (Id. ¶ 5.) A decision was issued on December 15, 2010, finding plaintiff guilty of violating Wis. Admin. Code §§ DOC 303.27, lying; 303.34, theft; and 303.47, possession of contraband miscellaneous. (Id. ¶ 6.) He was found not guilty of violating Wis. Admin. Code § DOC 303.40, unauthorized transfer of property. (Id.) The disposition was 120-days disciplinary separation and restitution in the amount of $10.80. (Id.)

Plaintiff filed an Appeal of Adjustment Committee of Hearing Officer's Decision, which he dated December 15, 2010. (Id. ¶ 7.) On January 31, 2011, defendant Deputy Warden Marc Clements issued a decision on plaintiff's appeal, which modified the hearing officer's decision. (Id. ¶ 8.) Defendant Clements dismissed the violation of Wis. Admin. Code § DOC 303.47 because it is a lesser included offense of Wis. Admin. Code § DOC 303.34. (Id.) He also modified the disposition from 120 days of disciplinary separation to

3

90 days. (Id.) Defendant Clements affirmed the remainder of the hearing officer's decision. (Id.)

Plaintiff was in disciplinary separation from December 15, 2010, to February 4, 2011, at which time he was transferred to Green Bay Correctional Institution and housed in general population. (Id. ¶ 9.) Plaintiff served 52 days of his 90-day disciplinary separation sentence for Conduct Report 1879205. (Id. ¶ 10.)

Pursuant to Wis. Admin. Code § DOC 303.73(13), "[t]he warden may review an inmate's status in disciplinary separation at any time and may place the inmate in the general population at any time. The warden shall review inmates in disciplinary separation at least every 30 days." (Id. ¶ 11.)

## B.     Plaintiff's Proposed Findings of Fact

On December 7, 2010 plaintiff was served with Conduct Report 1879205. (Dkt. 54 ¶ 1.)  On December 7, 2010 defendant Larsen also sent plaintiff the DOC-1516 "Notification of Disciplinary Hearing" form for Conduct Report 1879205 which informed him that the disciplinary hearing was scheduled to be held on December 14, 2010, at 1:00 p.m., in Unit 18. (Id. ¶ 3.)  The disciplinary hearing for Conduct Report 1879205 was held on December 13, 2010, instead of on its scheduled date of December 14, 2010.  (Id. ¶ 4.) Plaintiff was not notified prior to the hearing for Conduct Report 1879205 that the hearing was rescheduled to be conducted a day earlier than scheduled.  (Id. ¶ 5.)

On December 13, 2010, defendant Rasmussen decided to conduct a hearing for Conduct Report 1879205, found plaintiff guilty of three of the alleged rule violations, and ordered that plaintiff serve 120 days in solitary cell as punishment. (Id. ¶ 6.)  On December

4

15, 2010, plaintiff sent an appeal for Conduct Report 1879205 to defendant Schwochert informing him that plaintiff was never notified of the rescheduled hearing. (Id. ¶ 7.)

On December 15, 2010, plaintiff sent to defendant Schwochert an interview request form and informed him that the hearing was held a day before it was scheduled to be held. (Id. ¶ 8.) Defendant Schwochert sent plaintiff's December 15, 2010 correspondence to defendant Phillips for response. (Id. ¶ 9.) On December 17, 2010, defendant Phillips responded to plaintiff's December 15, 2010 correspondence to defendant Schwochert, and he falsely informed plaintiff that the disciplinary hearing for Conduct Report 1879205 was held as scheduled on December 14, 2010. (Id. ¶ 10.)

On December 19, 2010, plaintiff sent a letter to defendant Schwochert about defendant Phillips' December 17, 2010, response and informed him that defendant Phillips did not address anything and was wrong about when the disciplinary hearing for Conduct Report 1879205 was conducted. (Id. ¶ 11.) On December 19, 2010 plaintiff sent a letter to defendant Phillips regarding his response to plaintiff's December 15, 2010, correspondence and stated: "Third, your understanding is wrong, my hearing was scheduled for 12-14-2010 but your subordinate decided to do it his way and conducted my hearing on 12-13-2010." (Id. ¶ 12.)

On December 27, 2010, defendant Phillips responded to both of plaintiff's December 19, 2010, letters and stated: "Regarding your disciplinary hearing of December 14, 2010 (Conduct Report #1879205), served on December 7, 2010, your advocate was prepared for the hearing and as such it was rescheduled earlier and held within the timeframe, in accordance with DOC 303.76." (Id. ¶ 13.) On December 29, 2010, plaintiff

5

sent a response to defendant Phillips regarding his December 27, 2010, correspondence and informed him of the following:

> Next you state that my hearing scheduled for 12-14-2010 was rescheduled and held on an earlier date because my advocate was ready, and that it was held within the timeframe, in accordance with DOC 303.76. First, it doesn't matter whether the advocate was ready or not. His or her job is to 'help in the preparation of any defense the inmate has, including gathering evidence...DOC 303.78(2). Presenting a defense is on the prisoner alone and DOC 303.76(3) allows me to request more time to prepare". There's absolutely nothing in the rules that allows anyone to schedule a hearing, then hold the hearing before its scheduled date and time. Secondly, you're correct that it was held within the timeframe set in DOC-303.76, but that does not make it less of a violation. The Wisconsin Supreme Court has ruled that 'A hearing officer must notify an accused of the date, time, or place of the hearing.' Anderson-el v. Cooke, 2000 WI 40; p 6 n.4 (WI 2000). The court also held that mere fact that an inmate knows his hearing will take place 'somewhere' within the next three weeks does not cure the department's failure to give notice of the date, time, and location of the hearing. Id. at p 25. I was not given any notice of the new date and time of the hearing and this alone invalidates the disciplinary proceedings. When the department does not notify an inmate of the proceedings against him or her, in violation of the department's own regulations, then those proceedings must be invalidated for failure to provide a fundamental procedural right. Id. at p 2.

(Id. ¶ 14.)

On January 5, 2011, plaintiff sent to defendant Hamblin a letter regarding many constitutional violations being committed by the defendants and informed him that the other defendants never provided plaintiff notice of the disciplinary hearing because they moved the date and held the hearing a day before it was scheduled to be held. Defendant Hamblin simply wrote, "No response needed. Also wrote to warden." (Id. ¶ 15.) Defendant Hamblin has never responded to plaintiff's January 5, 2011, letter. (Id. ¶ 16.)

The defendants have not remedied their alleged violation of not providing plaintiff with notice of the hearing for Conduct Report 1879205 that was conducted on December 13, 2010. (Id. ¶ 18.)

**DISCUSSION**

Plaintiff contends that he had a clearly established constitutional right to receive notice of the disciplinary hearing, and that defendants violated that right when they held the hearing a day earlier than the originally-scheduled date. Defendants, on the other hand, contend that they are entitled to summary judgment because plaintiff's sentence on his conduct report does not implicate a liberty interest. They also contend that, even if it did implicate a liberty interest, the notice that plaintiff received for his conduct report satisfied due process. Defendants further contend that they are entitled to qualified immunity. Lastly, they contend that plaintiff should receive a "strike" because he fails to state a claim.

A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon the deprivation were constitutionally deficient. Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (citations omitted). Thus, to be entitled to due process, a plaintiff must first show that he has a protected liberty interest. Domka v. Portage County, 523 F.3d 776, 779-80 (7th Cir. 2008); Sandin v. Connor, 515 U.S. 472 (1995).

"A prisoner has no liberty interest in remaining in the general population." Williams v. Ramos, 71 F.3d 1246, 1248 (7th Cir. 1995). A liberty interest exists when prison officials restrain the freedom of inmates in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. In Sandin, the Court held that a prisoner's sentence of thirty days of segregated confinement "did not present the type of atypical, significant deprivation in which a State

7

might conceivably create a liberty interest." Id. at 486. In Thomas v. Ramos, 130 F.3d 754, 760-62 (7th Cir. 1998), the Seventh Circuit determined that a prison inmate's 70-day confinement in disciplinary segregation was not an "atypical and significant" deprivation of the prisoner's liberty and thus did not implicate a liberty interest protected under due process clause. In Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005), the Seventh Circuit affirmed the dismissal of the plaintiff's due process claim under Rule 12(b)(6) even after he spent 90 days in disciplinary segregation. Lekas described the conditions in disciplinary segregation as:

> inability to participate in prison programs, inability to participate in educational programs, inability to participate in work programs an resulting loss of prison employment and wages, loss of contact visits, loss of telephone usage, inability or substantially curtailed ability to receive visits from family, inability to attend church, no visits from clergy, drastic reduction in exercise privileges and in commissary access both in terms of frequency and the types of items allowed, drastic reduction in the number and nature of personal items that prisoners are allowed to have in their possession, and no access or very little access to audio/visual items.

Id. at 610.

"Although relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest *may* arise from a long term of confinement combined with atypical and significant hardships." Hardaway v. Meyerhoff, 734 F.3d 740, 743 (7th Cir. 2013) (emphasis in original) (citing Marion v. Columbia Correctional Institution, 559 F.3d 693 (7th Cir. 2009)). In Marion, the Seventh Circuit discussed the limited interest a prisoner has in avoiding disciplinary segregation and summarized its prior holdings on the issue. The court "noted that six months of segregation is 'not such an extreme term' and, standing alone, would not trigger

8

due process rights." Id. at 698 (quoting Whitford v. Boglino, 63 F.3d 527, 533 (7th Cir. 1995)).

In this case, plaintiff's segregation disposition was initially 120 days, but it was modified to 90 days after plaintiff appealed. Plaintiff's actual stay in segregation was 52 days. Plaintiff has not presented evidence regarding any conditions in disciplinary segregation that posed an atypical or significant hardship as compared to ordinary prison life. Nor does plaintiff allege that he suffered any significant psychological or other injury from it. Without more, the 120-day initial segregation disposition, the 90-day final disposition, and the actual 52-day stay in segregation, do not implicate a liberty interest. See Kervin v. Barnes, 787 F.3d 833, 837 (7th Cir. 2015); Marion, 559 F.3d 693 at 609.

Even if plaintiff had established a liberty interest in this case, his due process claim would fail because the undisputed facts reveal that he received all the process due under the Constitution. Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relief on and the reasons for the disciplinary action." Scruggs, 485 F3.d at 939 (quoting Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992)); see also Wolff v. McDonnell, 418 U.S. 539 (1974).

Plaintiff points to Clayton-El v. Fisher, 96 F.3d 236 (7th Cir. 1996), and argues that his claim is not about whether he received notice of the charges but rather is about whether he received notice of the hearing. However, Clayton-El is distinguishable because in that case the prisoner did not receive advance written notice of the claimed violation and he did

9

not receive notice of the hearing. 96 F.3d at 238, 243. In addition, a liberty interest was invoked in Clayton-El because the sanctions the prisoner received included the rescission of good-time credits, which could have affected the duration of his imprisonment. Id. at 237.

In this case, it is undisputed that plaintiff received written notice of the claimed violation on December 7, 2010, more than twenty-four hours before the December 13, 2010, hearing. Plaintiff does not allege that any other aspect of the hearing was deficient. The record reveals that plaintiff was present at the December 13, 2010, "full due process" disciplinary hearing. (Dkt. 61-1 at 4-5.) He testified and he called witnesses who testified. (Id.) He received a written statement based on the hearing and, as described above, he successfully appealed that decision. In short, even if plaintiff's 90-day segregation disposition and 52-day stay in segregation had raised a liberty interest, his due process claim would fail because he received all the process that was due.

Finally, defendants contend that I should impose a strike on plaintiff under 28 U.S.C. § 1915(g) because his complaint shows that he received all the notice that could be required by the Constitution and, therefore, he failed to state a claim. However, it was not clear at the pleading stage that plaintiff attended the hearing. Subsequent filings revealed that, while plaintiff allegedly did not know that the date of the hearing changed, he attended the hearing, testified, and presented witnesses. Plaintiff's complaint stated a due process claim, and I will not impose a strike in this case.

10

## ORDER

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (Docket 52) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge